**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| JUSTIN B. GASMAN, on behalf of himself and all others similarly situated, | Case No.  1:20-cv-1475 |
| Plaintiff, | |
| v. | **CLASS ACTION COMPLAINT** |
| | **JURY TRIAL DEMANDED** |
| THE VAIL CORPORATION d/b/a VAIL RESORTS MANAGEMENT COMPANY | |
| Defendant. | |

## CLASS ACTION COMPLAINT

Plaintiff Justin B. Gasman brings this action on behalf of himself and all others similarly situated against The Vail Corporation d/b/a Vail Resorts Management Company ("Vail" or "Defendant") for claims arising out of the sale of and refusal to refund costs for ski passes despite the closure of its properties. Plaintiff makes the following allegations pursuant to the investigation of his counsel and based on information and belief, except for those allegations which pertain directly to himself, which he makes based on personal knowledge.

## PARTIES

1.     Plaintiff Justin B. Gasman is a citizen of Colorado and resides in Denver, Colorado. Mr. Gasman is an annual passholder for Vail Resorts.  In 2019, Mr. Gasman purchased an Adult Epic Local Pass for himself, costing $699.00.  His Epic Pass Number was 20130839694. He also purchased a Child Epic Local Pass for his seven-year-old son, costing $369.00.  His son's Child Epic Local Pass number was 24838074961. The Epic Passes promised unlimited and unrestricted skiing or snowboarding at various resorts, plus a combined total of ten days at Vail Resort or

Beaver Creek. On or about March 25, 2020, Vail Resorts notified its passholders that it closed all 34 of its North American resorts. Vail has not refunded any portion of Mr. Gasman's Adult Epic Local Pass or the Child Epic Local Pass that he purchased for his son. Mr. Gasman was only able to use his Epic Local Pass on 17 days before Vail closed its resorts. His son only used his Epic Local Pass on 2 days before Vail closed its resorts. Mr. Gasman and his son intended to use their pass for approximately 18 to 20 more visits, including visits to Vail and Beaver Creek. Mr. Gasman would not have purchased an Epic Local Pass for himself or his son if he had known he would not have had access to any of Vail's resorts after mid-March, 2020, and that he would not receive any refund of the total he spent on his Epic Passes. Plaintiff continues to face imminent harm as Defendant retains his Epic Pass fees while all of its mountain resorts remain closed nationwide.

2.      Defendant The Vail Corporation is a Colorado Corporation, with its principal place of business at 390 Interlocken Crescent, Broomfield, CO 80021. Defendant is the operator of 34 ski resorts in North America, and holds itself out as a "the premiere mountain resort company in the world".[1]

## JURISDICTION AND VENUE

3.      This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2) because (1) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, (2) the action is a class action, and (3) at least one member of the Class of plaintiffs is a citizen of a state different from Defendant.

4.      This Court has personal jurisdiction over Defendant because Defendant was formed in State of Colorado, has its principal place of business in the State of Colorado, and has it

---

[1] http://www.vailresorts.com/Corp/info/who-we-are.aspx, (last accessed on May 19, 2020).

personally availed itself of jurisdiction in this district by causing its products to be sold and used by Plaintiff in this district, giving rise to Plaintiff's claims.

5.    Venue is proper in the District of Colorado under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## FACTUAL ALLEGATIONS

6.    Defendant is the operator of approximately 34 mountain resorts throughout the United States.

7.    Defendant markets and sells various premium priced passes to customers across (and outside of ) the United States. The passes allow customers to visit Defendant's mountain resorts.

8.    Available passes, known as "Epic Passes" include: annual passes ranging from $319 to $979; weekly passes ranging from $391 to $766; and day/multiday passes for anywhere from one to seven days ranging from $67 to $766.

9.    Defendant sells Epic Passes promising "unlimited, unrestricted access" at various resorts. Some Epic Passes describe specifically delineated restrictions (such as black-out days) or day limits. [2]

10.    On or about March 15, 2020, Defendant announced it would be closing its resorts and stores through March 22, 2020 to determine the best way to deal with the effects of COVID-19.[3]

---

[2] https://www.vail.com/plan-your-trip/lift-access/passes/epic-pass.aspx%20 (last accessed May 21, 2020).

[3] https://www.snow.com/info/covid-19-update (last accessed May 21, 2020).

11.     Subsequently, Defendant announced that its North American resorts and retail stores would remain closed for the 2019-2020 winter ski season.

12.     Customers were not informed of these potential closures when they purchased the Epic Passes.

13.     Defendant does not offer refunds for individuals who had purchased Epic Passes.

14.     Instead, Defendant offers only discounts to Epic Pass holders for the 2020-2021 ski season, should they choose to purchase passes for the 2020-2021 ski season.

## CLASS ALLEGATIONS

15.     Plaintiff brings this action against Defendant pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and all others similarly situated.

16.     Plaintiff seeks certification of a nationwide Class, ("Class"), defined as follows:

**All Vail Resort Management Company customers who purchased annual passes for the 2019-2020 season.**

17.     Excluded from the class are the Defendant, Defendant's officers and directors during relevant times, members of their immediate families and their legal representatives, heirs, successors, or assigns and any entity in which Defendant has had a controlling interest.

18.     When Vail closed its resorts and refused to provide any refund to its customers who had purchased annual passes, it subjected Plaintiff and putative Class Members to the same unfair, unlawful, and deceptive practices and harmed them in the same manner. As a result of Plaintiff's purchases, Defendant was also unjustly enriched in the same manner.

### Numerosity

19.     The Classes are so numerous that joinder of all members would be impracticable. Defendant has sold hundreds of thousands of annual passes like those sold to Plaintiff to customers

across the United States. Each and every one of those pass holders are and have been unable to use their passes since March 2020. Although the precise number of Class members is not presently known, it is estimated to be comprised of many hundreds of thousands of customers. The Class is certainly so numerous that joinder of all members of the Classes is impracticable.

## <u>Commonality</u>

20.     There are questions of law and fact that are common to Plaintiff and all Class Members' claims. These common questions predominate over any questions that go particularly to any individual member of the Class. Common questions of fact and law exist because, *inter alia*, Plaintiff and all Class Members purchased annual passes, and were unable to use their passes due to the closure of the mountain resorts. Plaintiff and all Class Members paid a premium price for near unlimited access to Defendant's mountain resorts, and they did not receive the promised access.

21.     The common questions include, without limitation:

    a.  Whether Defendant falsely, deceptively and/or misleadingly marketed the access provided by purchasing the season passes;

    b.  Whether Defendant breached its express warranty that Plaintiff and the other putative Class Members would have near unlimited access to certain resorts and slopes, and limited access to others

    c.  Whether Defendant has breached its contract to Plaintiff and Class Members in failing to provide the promised access;

    d.  Whether Defendant's actions in failing to provide access and/or a refund for the annual passes was unlawful;

    e.  Whether Defendant knew or should have known that its representations, marketing statements, and advertisements regarding the virtually unlimited availability of Defendant's mountain resorts were unsubstantiated, false, and misleading;

    f.  Whether and to what extent Defendant has been unjustly enriched by its conduct;

    g.   Whether Plaintiff and Class Members did not receive the benefit of their bargain;

    h.   Whether Plaintiff and Class Members were damaged by Defendant's misconduct;

    i.   Whether Plaintiff and Class Members are entitled to damages;

**Typicality**

22.    Plaintiff's claims are typical of the claims of Class Members because both Plaintiff and Class Members were exposed to Defendant's false and misleading advertising, purchased annual passes for the 2019-2020 season, and were subject to Defendant's failure to provide access to the promised resorts and slopes and Defendant's failure to provide refunds . Thus, Plaintiff and all Class Members sustained the same injury arising out of Defendant's common course of conduct, which violates the respective laws complained of herein. The injury of each Class Member was caused directly by Defendant's uniform wrongful conduct in violation of law as alleged herein. Each Class member has sustained, and will continue to sustain, damages in the same manner as Plaintiff as a result of Defendant's wrongful conduct.

**Adequacy of Representation**

23.    Plaintiff will fairly and adequately protect the interest of the members of the Class. Plaintiff has retained competent and experienced class action attorneys to represent his interests and those of the Class. Plaintiff's counsel has the necessary financial resources to adequately and vigorously litigate this class action. Plaintiff has no adverse or antagonistic interests to those of the Class. Plaintiff is willing and prepared to serve the Court and the Class Members in a representative capacity, with all of the obligations and duties material thereto, and determined to diligently discharge those duties by vigorously seeking the maximum possible recovery for Class members.

24.     To prosecute this case, Plaintiff has chosen the undersigned law firm, which is very experienced in class action litigation and have the financial and legal resources to meet the substantial costs and legal issues associated with this type of litigation.

### Requirements of Fed. R. Civ. P. 23(b)(3)

25.     This action is appropriate as a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

26.     **Common Questions of Law and Fact Predominate:** The aforementioned questions of law or fact common to Plaintiff and each Class Member's claims predominate over any questions of law or fact affecting only individual members of the Class.

27.     **Superiority:** A Class action is superior to individual actions in part because of the non-exhaustive factors listed below:

    a.   Joinder of all Class Members would create extreme hardship and inconvenience for the affected customers as they reside all across the United States;

    b.   Individual claims by Class Members are impractical because the costs to pursue individual claims exceed the value of what any one Class Member has at stake. As a result, individual Class Members have no interest in prosecuting and controlling separate actions;

    c.   The interests of justice will be well served by resolving the common disputes of potential Class Members in one forum;

    d.   Individual suits would not be cost effective or economically maintainable as individual actions;

    e.   The action is manageable as a Class action; and

    f.   Plaintiff is unaware of any difficulties that are likely to be encountered in the management of these class actions that would preclude their maintenance as class actions.

## Requirements of Fed. R. Civ. P. 23(b)(1) & (2)

28.     Prosecuting separate actions by or against individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members that would establish incompatible standards of conduct for the party opposing the Class.

29.     Defendant has acted or failed to act in a manner generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

30.     Defendant's wrongful conduct and practices, if not enjoined, will subject Class Members and other members of the public to substantial continuing harm and will cause irreparable injuries to Class Members and members of the public who are damaged by Defendant's conduct.

## COUNT I

## UNJUST ENRICHMENT

31.     Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

32.     Plaintiff brings this claim on behalf of himself and the proposed Class.

33.     Defendant received from Plaintiff and Class members benefits in the form of money and profits from the sale of annual passes which Defendant advertised and marketed as providing near unlimited access to certain mountain resorts for the 2019-2020 ski season.

34.     Defendant did not provide, and is not providing the promised access, as all of Defendant's resorts nationwide remain closed.

35.     Defendant had knowledge of these benefits and voluntarily accepted and retained the benefits.

36.     Plaintiff and Class members paid a premium price for annual passes but did not receive access to mountain resorts commensurate with the price they paid because 100% of the mountain resorts included on the pass nationwide have been closed since mid-March 2020.

37.     Defendant has been unjustly enriched by its retention of the revenues from Plaintiff and Class Members' pass fees. Retention of these moneys is unjust because 100% of the Defendant's mountain resorts nationwide remain closed.

38.     It would be unjust and inequitable for Defendant to retain benefits obtained from Plaintiff and Class Members.

39.     Plaintiff and Class Members are entitled to restitution of the amount by which Defendant was unjustly enriched at their expense.

40.     Plaintiff, on behalf of himself and all similarly situated Class members, demand restitution by the Defendant in the amounts by which Defendant has been unjustly enriched at Plaintiff and Class Members' expense, and such other relief as this Court deems just and proper.

## COUNT II

## BREACH OF EXPRESS WARRANTY

41.     Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

42.     Plaintiff brings this claim on behalf of himself and the proposed Class.

43.     Defendant's advertising and marketing statements made to induce consumers to purchase its annual passes, as described above, expressly provided that annual passholders such as

Plaintiff and the other putative Class Members would have near unlimited access to certain resorts and slopes, and limited access to others.

44.     Any minor limitation on the annual passes, such as black-out days or day-limits on particular resorts are clearly described prior to purchase.

45.     None of the limitations described by Defendant include indefinite or season-long closure of any resort.

46.     None of the limitations described by Defendant include indefinite or season-long closure of all of Defendant's resorts.

47.     Defendant's affirmation of fact and promise in its marketing and signage is the basis of the bargain between Defendant and individuals who purchased the annual passes, and creates express warranties that the services purchased would conform to Defendant's affirmation of fact, representations, promise, and description.

48.     Defendant breached their express warranty because it did not provide the promised access to annual passholders.

49.     Plaintiff and Class Members sustained damages as a direct and proximate result of Defendant's breach, including damages for economic injuries from spending money on a premium-priced product that they would not have spent had they known they would not be provide the promised access to slopes and resorts or a refund if the access was unavailable.

50.     Plaintiff and Class Members would not have purchased or paid for Defendant's passes absent Defendant's representations and omission of a warning that it would retain passholder fees even if all mountain resorts nationwide were closed.

51.     Plaintiff and Class Members would not have purchased passes on the same terms absent Defendant's representations and omissions.

52.     Plaintiff and Class Members would not have paid the premium price charged absent Defendant's representations and omissions.

53.     Plaintiffs and Class Members did not receive access commensurate with the price they paid because Defendant chose to close its resorts in March of 2020.

54.     Defendant's passes did not have the characteristics, benefits, or quantities as promised.

55.     Plaintiff and Class Members have sustained, are sustaining, and will continue to sustain damages, as well as related damages alleged herein if Defendant continues to engage in deceptive, unfair, and unreasonable practices.

56.     Plaintiffs and Class members are entitled to injunctive relief, attorneys' fees and costs, and any other relief that the Court deems just and equitable.

57.     Plaintiff, on behalf of himself and all similarly situated Class members, demand judgment against Defendant for compensatory damages, pre- and post-judgment interest, injunctive and declaratory relief, costs incurred in bringing this action, and any other relief as this Court deems just and proper.

## COUNT III

## MONEY HAD AND RECEIVED

58.     Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

59.     Plaintiff brings this claim on behalf of himself and the proposed Class.

60.     Defendant received money in the form of fees for annual passes that were intended to be used for the benefit of Plaintiff and putative Class Members.

61.     The pass fees were not used for the benefit of Plaintiff and putative Class Members.

62.     Defendant has not given back or refunded the wrongfully obtained money and pass fees to Plaintiffs and the Class.

63.     Defendant obtained money in the form of pass fees that was intended to be used to provide near unlimited resort access to Plaintiff and Class Members.

64.     Defendant closed its mountain resorts nationwide, making it impossible for Plaintiff and Class Members to access the mountain resorts as paid for.

65.     Defendant has retained all of the pass fees while 100% of its mountain resorts were, and remain, closed.

66.     Plaintiff, on behalf of himself and all similarly situated Class members, demand judgment against Defendant for compensatory damages, pre- and post-judgment interest, injunctive and declaratory relief, and any other relief as this Court deems just and proper.

## COUNT IV

## CONVERSION

67.     Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

68.     Plaintiff brings this claim on behalf of himself and the proposed Class.

69.     Plaintiff and Class Members had a right to retain their pass fees while all of Defendant's mountain resorts were and remain closed nationwide.

70.    Defendant has intentionally retained the full amount of Plaintiff and Class Members' pass fees while Defendant's mountain resorts remain closed nationwide.

71.     Plaintiff and Class Members did not consent to Defendant's retention of such fees and monies while Defendant's mountain resorts remain closed nationwide.

72.    Plaintiff and Class Members have been and continue to be harmed by Defendant's retention of their fees and monies;

73.    Defendant's actions, in closing its mountain resorts nationwide and failing and refusing to return fees and monies, is a substantial factor in causing Plaintiff and Class Members' harm.

74.    Plaintiff, on behalf of himself and all similarly situated Class members, demand judgment against Defendant for compensatory damages, pre- and post-judgment interest, injunctive and declaratory relief, and any other relief as this Court deems just and proper.

## COUNT V

## BREACH OF CONTRACT

75.    Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

76.    Plaintiff brings this claim on behalf of himself and the proposed Class.

77.    Defendant entered into contracts with Plaintiff and Class Members to provide access to its mountain resorts in exchange for payment of pass fees.

78.    Defendant has breached those contracts by retaining Class Members' full pass fees while all of its mountain resorts nationwide remain closed. Plaintiff and Class Members have

suffered injury through the payment of fees while not having the promised access to Defendant's mountain resorts.

79.     Plaintiff, on behalf of himself and all similarly situated Class members, demand judgment against Defendant for compensatory damages, pre- and post-judgment interest, injunctive and declaratory relief, and any other relief as this Court deems just and proper.

## COUNT VI

## VIOLATION OF THE COLORADO CONSUMER PROTECTION ACT

### C.R.S. § 6-1-101 *et seq.*

80.     Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

81.     Plaintiff brings this claim on behalf of himself and the proposed Class.

82.     Defendant engaged in deceptive trade practices by using false and misleading advertising and marketing statements made to induce consumers to purchase its annual passes, and failing to refund pass holders as described above.

83.     This deceptive practice occurred in the course of Defendant's business.

84.      In order to sell passes to its mountain resorts, Defendant expressly provided that annual passholders such as Plaintiff and the other putative Class Members would have near unlimited access to certain mountain resorts, and limited access to others.

85.     Defendant knowingly failed and refused to provide the access promised, and knowingly failed and refused to provide refunds for passes to purchasers.

86. Defendant's deceptive marketing and failure to provide refunds to pass holders impacted the public as there are a significant number of individuals from across the United States who purchased Defendant's annual passes based on Defendant's representations.

87. Plaintiff and putative Class Members were actual consumers of Defendant's Epic Passes.

88. Defendant's deceptive trade practices caused actual losses or damages to Plaintiff and putative Class Members in that they paid a premium price to Defendant for the promised access to mountain resorts, were not provided the promised access, and Defendant has retained the premium payments paid for the annual passes.

89. Plaintiff, on behalf of himself and all similarly situated Class members, demands judgment against Defendant for up to three times the amount of compensatory damages, pre- and post-judgment interest, injunctive and declaratory relief, reasonable attorneys' fees and costs, and any other relief as this Court deems just and proper.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of himself and all similarly situated individuals, demands judgment against Defendant as follows:

a. Declaring this action to be a proper Class action maintainable pursuant to Rule 23(a) and Rule 23(b)(1) & (2) and Rule 23(b)(3) of the Federal Rules of Civil Procedure and declaring Plaintiff and counsel to be representatives of the Class;

b. Enjoining Defendant from continuing the acts and practices described above;

c. Awarding damages, with any permissible multiplier, sustained by Plaintiff and the Class as a result of the Defendant's conduct, together with pre-judgment interest;

d.  Finding that Defendant has been unjustly enriched and requiring it to refund all unjust benefits to Plaintiff and the Class, together with pre-judgment interest;

e.  Awarding Plaintiff and the Class costs and disbursements and reasonable allowances for the fees of Plaintiff and the Class' counsel and experts, and reimbursement of expenses;

f.  Awarding Plaintiff and the Class unjust enrichment damages, injunctive relief, declaratory relief, attorneys' fees, and costs;

g.  Awarding Plaintiff and the Class damages, injunctive relief, declaratory relief, attorneys' fees, and costs for breach of express warranties;

h.  Awarding such other and further relief the Court deems just and equitable.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff and the Class request a jury trial for any and all Counts for which a trial by jury is permitted by law.

Dated: May 22, 2020

Respectfully submitted,

*s/ Rick D. Bailey*
Rick D. Bailey, #26554
Law Office of Rick D. Bailey, Esq.
1085 Lafayette St., #702
Denver, CO 80218
Telephone:  720-676-6023
Email:  rick@rickbaileylaw.com

Gary E. Mason*
Gary M. Klinger
David Lietz*
Danielle L. Perry*
MASON LIETZ & KLINGER LLP
5101 Wisconsin Ave. NW, Ste. 305
Washington, DC 20008
T:      202-429-2290
E:      gmason@mason.llp.com
        dlietz@masonllp.com
        gklinger@masonllp.com
        dperry@masonllp.com

*Attorneys for Plaintiffs*

*\*admission pro hac vice anticipated*